BOGART v. The JOHN JAY. See Case No. 7,352.

BOGART (UNITED STATES v.). See Cases Nos. 14,616 and 14,617.

## Case No. 1,598.

### In re BOGERT et al..

[2 N. B. R. 435 (Quarto, 139);[1] 38 How. Pr. 111; 1 Chi. Leg. News, 211.]

District Court, S. D. New York. Feb. 10, 1869.

BANKRUPTCY — POWER OF REGISTER — PROOF OF DEBT—QUESTION OF LAW OR FACT—CERTIFICATE.

A register has power to pass upon the satisfactory or unsatisfactory proof of debt, but where a question of law or fact is raised in respect thereof, the same must be certified for the decision of the judge under section four.

[In bankruptcy. In the matter of Henry Bogert and Robert D. Evans. Heard on the register's certificate, which was as follows:]

In this cause now pending before me at chambers of this court, the petitioners have been adjudicated bankrupts. There are some thirty creditors, nearly half of whom have proved their claims. Silas C. Evans, of New York City, a brother of one of the petitioners, (previous to the first meeting of creditors,) proved his claim in due form according to law, amounting to twenty-two thousand dollars. George Evans & Son also proved a claim, amounting to about nine thousand dollars. The Columbia Paper Company, of Springfield, Mass., proved their claim, amounting to six thousand five hundred dollars. Some sixteen other creditors also proved their claims, thus placing them in a majority in number but not in interest. Horatio F. Averill, attorney for creditors, filed an affidavit virtually alleging that the Silas C. Evans claim was against Robert D. Evans, and not against the estate of petitioners.

It was also alleged that the creditors, Endus Evans & Son, were respectively father and brother of the petitioner Evans. The creditors, by their several attorneys, objected to the claim of Silas C. Evans, and objected to his voting on said claim, and all the parties in interest then present, consented to my making an order allowing the creditor Evans to give further pertinent evidence to substantiate his claim, the creditors being at liberty to contradict, controvert, disprove or reduce the amount of said Evans' claim; that I was to pass upon the cause and certify the same to the district court, and also to adjourn the first meeting of creditors for one week. I considered it but justice, both to the creditor Evans, as well as to the remaining creditors, that there should be no question as to the amount or validity of the claim of said Evans, but that the amount should be definitely settled; and under section twenty-two, received the additional evidence. The attorney for the creditor Evans,

desired me to pass upon the claim, without certifying the same to the district court. I hold, as a matter of law, that by section twenty-two, the register, if he shall see fit, may receive evidence, either for or against the admission of any claim; that it is his duty to do so, as he "has ample authority in the premises, and should exercise it to prevent unnecessary and unreasonable delay." In re Hyman [Case No. 6,984]. As the register has the same power as the district judge, "except that he is not empowered to commit for contempt, or to hear a disputed adjudication on any question of the allowance of suspension of an order of discharge." In re Gettleston [Id. 5,373]. I consider that any other practice would place a great amount of additional labor upon the district judge; to require him to read and pass upon the question of the validity of the proof of claims, would occupy much of his time; and that congress evidently intended that all questions except those above excepted, should be decided by the register: and upon the proof taken under the order made by me February 5, 186?. I allowed the claim of the said Evans at the amount proven, there being no contradictory evidence. I also hold that it is the better practice in cases where there are a large number of creditors having small claims, and a small number of creditors having large claims, that if any of the claims are disputed, and there are assets, that the amount of any claim, when disputed, should be definitely fixed upon by receiving additional proof or otherwise, before the election of the assignee.

In order that your honor may give a decision on the question, whether the register may pass upon the validity of the proofs or certify them to your honor, I make this certificate; not that it is a case where a certificate should be made, but that the practice may be definitely settled.

John Fitch, Register.

BLATCHFORD, District Judge. There is no doubt that the register has power, under section twenty-two, to pass upon the satisfactory or unsatisfactory character of a proof of debt, but in respect of this, as to all other matters, the duties and powers of the register are to be exercised in subordination to the provision of section four of the act, which requires that in all matters where an issue of fact or of law is raised and contested by any party to the proceedings before the register, it shall be the duty of the register to cause the question or issue to be stated by the opposing parties in writing, and he shall adjourn the same into court for decision by the judge. I do not perceive from the certificate that any issue was raised and contested as to the matter certified to me. The certificate would seem to be made rather under the first paragraph of section six, than under section four.

[1] [Reprinted from 2 N. B. R. 435 (Quarto, 139), by permission.]